UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61855-GAYLES

JAMES L. TURNER,
        Plaintiff,

v.

THEODORE V. WELLS, JR.; and
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP,
        Defendants.
_____/

## ORDER OF FACTUAL DETERMINATION AND RETURN OF RECORD TO THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**THIS CAUSE** comes before the Court on limited remand from the United States Court of Appeals for the Eleventh Circuit.

Plaintiff James L. Turner filed suit in this Court on September 2, 2015, alleging three state-law theories of defamation against Defendants Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), and Theodore V. Wells, Jr., a partner at Paul, Weiss: (1) defamation *per se*; (2) common law defamation based on actual malice, recklessness, or negligence; and (3) defamation by implication. In bringing the action, Turner invoked this Court's diversity jurisdiction, 28 U.S.C. § 1332, which requires fully diverse citizenship of the parties and an amount in controversy over $75,000. According to the allegations in the Complaint, Turner is a citizen of Florida, Compl. ¶ 14, and Wells is a citizen of New Jersey, *id.* ¶ 17. Defendant Paul, Weiss is a limited liability partnership, and "for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). In his Complaint, Turner alleged as to Paul, Weiss that "[u]pon

information and belief, Paul Weiss does not have, and at all relevant times did not have, an office in the State of Florida or any individual partners who are citizens of the State of Florida." Compl. ¶ 16.

This Court entered an Order granting the Defendants' motion to dismiss on July 29, 2016 [ECF No. 85]. The Court did not address diversity jurisdiction in the Order. Turner appealed the Order to the Eleventh Circuit on August 24, 2016 [ECF No. 86]. However, on review of the pleadings, the Eleventh Circuit suggested that the Complaint "did not sufficiently allege the citizenship of [Paul, Weiss] as necessary to establish the district court's subject matter jurisdiction." Jurisdictional Question, *Turner v. Wells*, No. 16-15692-AA (11th Cir. Oct. 5, 2016). On January 11, 2017, the court remanded the action to this Court "for the limited purpose of making a factual determination as to whether diversity jurisdiction exists in this case and to permit further proceedings to address diversity jurisdiction deficiencies, if deemed necessary by the district court." Order of Limited Remand at 1, *Turner v. Wells*, No. 16-15692-AA (11th Cir. Jan. 11, 2017) (docketed in this action at [ECF No. 90]).

Based on the Eleventh Circuit's instruction that "to sufficiently allege the citizenship of a limited partnership, a party must list the citizenships of all of the partners," *id.* (citing *Rolling Greens*, 374 F.3d at 1022), and in the interest of preserving the parties' and this Court's time and resources, on January 13th, the Court directed Paul, Weiss to file an affidavit that affirmatively provides the identities and citizenships of all general and/or limited partners of Paul, Weiss as of the date Turner filed the Complaint [ECF No. 91]. On January 23rd, Paul, Weiss filed the affidavit [ECF No. 97], along with an Unopposed Motion to Seal Affidavit requesting that the affidavit be maintained under seal permanently by the Court [ECF No. 93]. The Court agrees with the parties that, given the confidential nature of Paul, Weiss' partners' personal information, the limited purpose of the information, and the lack of public interest in public disclosure of the personal information, good cause exists to maintain the affidavit under seal. Accordingly, the motion to seal shall

be granted in part.

The Court has reviewed the affidavit, which (without revealing any of the personal information contained within) lists the identities and domiciles of all of Paul, Weiss' partners as of September 2, 2015. Upon consideration, the Court finds that none of Paul, Weiss' partners were domiciled in Florida as of that date. Given that, for individual persons, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)), the Court concludes that as none of the Defendants were citizens of Florida on the date this litigation commenced, and thus the parties were fully diverse.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Unopposed Motion to Seal Affidavit [ECF No. 93] is **GRANTED IN PART**. The affidavits filed by Defendant Paul, Weiss, Rifkind, Wharton & Garrison LLP [ECF Nos. 94 & 97] are sealed until **January 25, 2027**;

(2) the Court finds that original jurisdiction existed over this matter from the time the Complaint was filed, pursuant to 28 U.S.C. § 1332; and

(3) having so determined, this case is **RETURNED** to the United States Court of Appeals for the Eleventh Circuit for further proceedings per its Order of Limited Remand [ECF No. 90].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE